**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jasmyne Gramza, | No. CV-20-01425-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Merck & Company Incorporated, et al., | |
| Defendants. | |

This is a products liability personal injury case in which Plaintiff Jazmyne Gramza alleges she sustained injuries from the Gardasil vaccine, manufactured by Defendant Merck. Although this case is about Gardasil, Gramza's complaint includes a number of allegations about a different Merck product—a pain medication called Vioxx—that Gramza never consumed, and which Merck removed from the market in 2004. Merck moves to strike the allegations in the complaint related to Vioxx. (Doc. 13.)

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The rationale behind granting motions to strike is to 'avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety.'" *In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC, 1995 WL 274343, at *18 (N.D. Cal. May 8, 1995) (quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382, at 715 (2d ed. 1990)). "A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand," and "[a] pleading or portion thereof

qualifies as 'scandalous' for the purposes of Rule 12(f) when it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (quotations and citations omitted).

Gramza contends that the Vioxx allegations provide historical context and describe prior bad acts that are probative of Merck's motive or intent for rushing Gardasil through the approval process. (Doc. 18.) Under the Federal Rules of Civil Procedure, however, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and pleading specific evidence generally is disfavored, especially when prejudicial, *see In re Valence*, 1995 WL 274343, at *19. Indeed, the Federal Rules explicitly permit "[m]alice, intent, knowledge, and other conditions of a person's mind" to be "alleged generally." Fed. R. Civ. P. 9(b). It therefore is unnecessary to include detailed allegations of prior bad acts in order to plausibly allege a defendant's motive or intent, which at the pleading stage "serve only to inflame the passions of the reader and prejudice the defendant." *See Strassman v. Fresh Choice*, Inc., No. C-95-20017 RPA, 1995 WL 743728, at *17 (N.D. Cal. Dec. 7, 1995). Absent a meritorious evidentiary objection, Gramza may, of course, "bring forth specific evidence of motive and intent at the summary judgment stage," but there is "no reason why such prejudicial evidence should be inserted at the pleading stage." *In re Valence*, 1995 WL 274343, at *19. This is especially true when Gramza's claims have nothing to do with injuries from consuming Vioxx.

**IT IS ORDERED** that Merck's motion to strike (Doc. 13) is **GRANTED**. Paragraphs 15-26, 53, H, and 358 concerning Vioxx are stricken from the complaint.

Dated this 22nd day of November, 2021.

Douglas L. Rayes
United States District Judge